1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

RONALD WILLIAM WARD,

Case No. 1:21-cv-00929-SKO (PC)

12

Plaintiff,

13

v.

**FIRST SCREENING ORDER**

14

S. BATRA, et al.,

15

Defendants.

16

17    Plaintiff Ronald William Ward is proceeding *pro se* and *in forma pauperis* in this civil

18 rights action pursuant to 42 U.S.C. § 1983.

19    **I.    SCREENING REQUIREMENT**

20    The Court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

22 The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

23 fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

24 who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

25 it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

26 theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27 //

28 //

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

1   *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

2   1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

3   civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.

4   1982).

5   **III.     DISCUSSION**

6   **A.  Plaintiff's Factual Allegations**

7   Plaintiff filed a first amended complaint on November 12, 2021. (Doc. 11.) The Court did

8   not screen Plaintiff's original complaint before he filed his first amended complaint.

9   The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of

10  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

11  Plaintiff names Dr. Sanjeev Batra, D.O., a "Doctor under Contract," Stephanie Clendenin,

12  Director of State Hospitals, and Executive Director Brandon Price, Robert Withrow, M.D.,

13  "Medical Director, retired," and Dr. Jonathan Hamrick, M.D., "Chief Physician/Surgeon," of

14  Coalinga State Hospital, in their individual capacities, as Defendants. (Doc. 11 at 1-3.)

15  In his first claim for relief, Plaintiff initially cites to several unidentified statutory or

16  regulatory provisions (Doc. 11 at 3 [e.g., "§11.16 Failure to furnish adequate medical care to

17  prisoners"]) and California Government Code provisions (*id*. [e.g., "Govt. C §845.6"]). Plaintiff

18  then contends the "cause of [his] amputation and the worsening of [his] medical conditions was

19  caused by Dr. Sanjeev Batra, Stephanie Clendenin, Brandon Price, Dr. Robert Withrow, and Dr.

20  Johnathan Hamrick." (Doc. 11 at 3.) Plaintiff states he saw Dr. Batra for "medical care" and as

21  his "medical conditions worsened, the more Dr. Batra's procedure of care was denied." (*Id*.)

22  Plaintiff contends "[s]igns and symptoms were ignored," and Dr. Batra realized "his error in

23  neglecting his professional duties," ordering an ambulance to rush Plaintiff to Community

24  Regional Medical Center. (*Id*. at 3-4.) He contends Dr. Batra provided inadequate medical care

25  "that the experts have varified [sic]" and that could have been prevented. (*Id*. at 4.) Plaintiff also

26  contends a "licensing[] investigation" has been conducted and Dr. Batra and the Department of

27  State Hospitals-Coalinga have been reprimanded as a result. (*Id*.)

28  //

4

In his second claim, Plaintiff cites to "3333.2" for "Negligence of Health Care Providers; noneconomic losses; limitations," an apparent reference to the California Civil Code. Plaintiff thereafter quotes subdivisions "(a)," "(b)," and "(2)." Plaintiff does not provide any facts regarding this second claim. (Doc. 11 at 4.) Plaintiff seeks relief in the form of "$250,000.00 per defendant x 5 defendants" for his pain and suffering, "plus punitive damages, all Court costs, legal fees, including all copies, the costs for attorney fees for the hours [he] spent in the preparation of this case as would be alloted [sic] to an attorney, disability and all medical need pretaining [sic] to my amputation and heart condition for life." (Doc. 11 at 5.)

**B. Plaintiff Asserts Only State Law Claims**

Plaintiff's first amended complaint asserts only state law claims. He makes no reference to any federal constitutional provision or federal statute in asserting those claims.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the

1    Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986);

2    *see also Pistor v. Garcia*, 791 F. 3d 1104, 1114 (9th Cir. 2015); *Long v. Cty. of Los Angeles*, 442

3    F.3d 1178, 1185 (9th Cir. 2006); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999)

4    (en banc); *Ortez v. Wash. Cty., Or.*, 88 F.3d 804, 810 (9th Cir. 1996).

5    Section 1983 does not provide a cause of action for violations of state law. *See Galen v.

6    Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir.

7    2001); *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified

8    Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).

9    Where a violation of state law is also a violation of a constitutional right, however, § 1983 does

10   provide a cause of action. *See* Lovell, 90 F.3d at 370; *Draper v. Coombs*, 792 F.2d 915, 921 (9th

11   Cir. 1986); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007).

12   In sum, Plaintiff has not asserted a violation of any federal right protected by the

13   Constitution or a federal statute. Plaintiff's first amended complaint alleges only violations of

14   state law. As noted above, § 1983 does not provide a cause of action for violations of state law.

15   *Galen*, 477 F.3d at 662.

16   **C.  Leave to Amend**

17   In the Ninth Circuit, "[p]ro se plaintiffs proceeding [in forma pauperis] must … be given

18   an opportunity to amend their complaint [prior to dismissal] unless it is absolutely clear that the

19   deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d

20   1221, 1228 n.9 (9th Cir. 1984) (citation & internal quotation marks omitted); *see also Rodriguez

21   v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th

22   Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless

23   it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

24   (internal quotation marks & citation omitted)); *Cato v. United States*, 70 F.3d 1103, 1106 (9th

25   Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529–30 (9th Cir. 1985); *cf. Denton v. Hernandez*, 504

26   U.S. 25, 34 (1992) 102 (suggesting that if the complaint's deficiencies could be remedied by

27   amendment, then it may be abuse of discretion to dismiss complaint without granting leave to

28   amend). The plaintiff must also be given some notice of the complaint's deficiencies prior to

1  dismissal. *See Cato*, 70 F.3d at 1106; *cf. Denton*, 504 U.S. at 34 (declining to address the Ninth

2  Circuit's notice and leave-to-amend rule for frivolous complaints).

3      "Unless it is absolutely clear that no amendment can cure the defect …, a pro se litigant is

4  entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

5  the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez*

6  *v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc); *Walker v. Beard*, 789 F.3d 1125,

7  1139 (9th Cir. 2015).

8      Here, it is possible Plaintiff could amend his complaint to assert a claim or claims

9  pertaining to a violation of his federal rights thus curing the deficiencies identified herein.

10  Therefore, Plaintiff will be granted leave to file a second amended complaint.

### 1. Legal Standards Concerning Federal Claims

12      The following legal standards are provided for Plaintiff's consideration. Should Plaintiff

13  elect to file a second amended complaint, these standards provide relevant information for

14  purposes of pleading a cognizable claim.

> The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103–05 [] (1976). In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." *Id.* at 104 []. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow [v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)].

22  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). *See also Estelle v. Gamble*, 429 U.S.

23  97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of

24  action under § 1983"); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*,

25  391 F.3d 1051, 1057 (9th Cir. 2004). This rule applies to "physical, dental, and mental health."

26  *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v.*

27  *Conner*, 515 U.S. 472 (1995).  Prisoners must also be protected from serious risks to their health.

28  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 33–34

1   (1993); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995).

2         "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the

3   doctors chose was medically unacceptable under the circumstances and that the defendants chose

4   this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v.*

5   *Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks & citation omitted).

6   "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence

7   is insufficient to establish a constitutional deprivation under the Eighth Amendment" *Id.* (internal

8   quotation marks & citation omitted).

9         "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in

10  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*,

11  974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett*, 439 F.3d at

12  1096; *Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).

13        "[A] complaint that a physician has been negligent in diagnosing or treating a medical

14  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

15  Medical malpractice does not become a constitutional violation merely because the victim is a

16  prisoner." *Estelle*, 429 U.S. at 106; *see also Jett*, 439 F.3d at 1096.

### 2.   Additional Information Relevant to Amendment

18        Should Plaintiff choose to file a second amended complaint, he should make clear the

19  nature and grounds for each claim, and clearly and concisely explain the basis for each

20  defendant's liability—in compliance with Rule 8(a) of the Federal Rules of Civil Procedure which

21  requires that a pleading contain "a short and plain statement of the claim showing that the pleader

22  is entitled to relief."[1] To state a claim against a defendant in his or her individual capacity,

23  Plaintiff must allege specific facts from which the Court can reasonably infer that the defendant

24  personally participated in the violation alleged. Plaintiff may not rely on conclusory allegations

25  and formulaic recitations of applicable law. Plaintiff is strongly encouraged to use the standard

---

[1] The Court must be able to determine, from the amended pleading, when the alleged injury occurred, how
it was inflicted, by whom, and the nature of the constitutional claims against each defendant. If a
defendant would have difficulty understanding and responding to a pleading, it violates Rule 8. *United
States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

1   civil rights complaint form when filing any amended complaint.

2       Plaintiff should also carefully review the linkage and causation requirements, and

3   information concerning supervisor liability, as provided above in Section II, subsections B and C.

4       **IV.    CONCLUSION AND ORDER**

5       Based on the above, the Court finds that Plaintiff's first amended complaint fails to state

6   any cognizable claim against any named Defendant. Plaintiff will be granted leave to amend his

7   complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*,

8   203 F.3d at 1130.

9       If Plaintiff wishes to file a second amended complaint, any such amended complaint

10  should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to

11  the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted

12  as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative

13  level …." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff may not change the nature of

14  this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507

15  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

16      Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v.

17  Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, an amended complaint must be

18  "complete in itself without reference to the prior or superseded pleading." *See* Local Rule 220.

19  Plaintiff's second amended complaint should be complete in and of itself, without reference to his

20  first amended complaint.

21      Accordingly, the Court **ORDERS** that:

22      1.  The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

23      2.  **Within 21 days** from the date of service of this order, Plaintiff must either:

24          (a) file a second amended complaint curing the deficiencies identified by

25          the Court in this order; or

26          (b) in the alternative, file a notice of voluntary dismissal (Fed. R. Civ. P.

27          41(a)(1)(i)); and

28      3.  **If Plaintiff fails to comply with this order, the Court will recommend that this**

**action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **November 22, 2022**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE