UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. BATRA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00929-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUESTS FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>(Docs. 15-18)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

　　Plaintiff Ronald William Ward is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

　　Plaintiff initiated this action with the filing of his complaint on June 14, 2021. (Doc. 1.) On November 12, 2021, Plaintiff filed a first amended complaint. (Doc. 11.) On November 22, 2022, this Court issued its First Screening Order. (Doc. 12.)

　　On January 11, 2023, Plaintiff filed the following four motions:
　　　　Request for Full Disability (Doc. 15)
　　　　Request for Outside [Optometrist] Appointment (Doc. 16)
　　　　Request for Outside [Cardiovascular] Appointment (Doc. 17)
　　　　Request for Outside [Dental] Appointment (Doc. 18)

## II. DISCUSSION

### A. Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See also Miller v. French*, 530 U.S. 327, 333 (2000) (the PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities").

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

### B. Summary of Plaintiff's Motions

In his first request, Plaintiff requests an order "based on the pain and suffering" he has endured and continues to endure due to the "needless loss of his left foot," stating it could and should have been prevented. (Doc. 15 at 1.) Plaintiff requests "to be granted Full Disability, Medi-Care, Medi-Cade, and Medi-Cal." (*Id.*) Plaintiff cites authority purporting to allow an award of "3x the amount owed," and calculates as follows: "Full Disability is $3,300.00 per month, making it $81,000.00 for 2 years, for a total of $326,800.00 if granted by the Court." (*Id.*) Plaintiff attaches approximately 30 pages of exhibits to his request. (*Id.* at 2-31.) Finally, in a letter dated January 8, 2023, included with this filing, Plaintiff states, in part, that the cost of "legal fees" have "become an expensive burden" that neither he nor his family can afford. (*Id.* at 32.) He contends "Licensing has [substantiated his] claim," finding "Dr. Bantra" and Coalinga State Hospital to be at fault and the reason he is "crippled today." (*Id.*) He asks the Court to award full disability and medical coverage and benefits. (*Id.*)

In his second request, Plaintiff requests an order requiring Coalinga State Hospital to "make an outside" optometrist appointment for him and to transport him to and from the appointment because of the inadequacies of the "Optomitrist Department" at the state hospital. (Doc. 16.)

In his third request, Plaintiff seeks an order requiring Coalinga State Hospital to "make an outside" cardiovascular appointment for him and to transport him to and from the appointment because of the inadequacies of the "Medical Department" at the state hospital. (Doc. 17.)

In his final and fourth request, Plaintiff asks the Court to grant an order requiring Coalinga State Hospital "to make an outside" dental appointment for him and to transport him to and from

the appointment because of the inadequacies of the "Dential Department" at the state hospital. (Doc. 18.)

### C. Analysis

For the reasons set forth below, this Court will recommend Plaintiff's motions or requests for injunctive relief be denied.

#### *Personal Jurisdiction is Lacking*

In this case, no named defendant in this action has been served with process. Plaintiff's first amended complaint names Sanjeev Batra, D.O., Director Stephanie Clendenin, Executive Director Brandon Price, Robert Withrow, M.D. and Jonathan Hamrick, M.D., of Coalinga State Hospital as defendants. (Doc. 11 at 1-3.)

Plaintiff's complaint was screened by the Court and in the First Screening Order issued November 22, 2022, the Court found Plaintiff's first amended complaint failed to state any cognizable claim against any named Defendant. (Doc. 12.) Plaintiff was afforded 21 days within which to file a second amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal. (*Id*. at 9.)

No defendant has appeared in this action because no defendant has been served with process by the United States Marshal. Service of process occurs only after the Court finds cognizable claims have been alleged. Until the defendants have been served with process by the United States Marshal, this Court lacks personal jurisdiction over any defendant, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication" [citation & internal quotation omitted]); *Zepeda*, 753 F.2d at 727; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4"). Without personal jurisdiction over the named Defendants, the Court will take no action.

//

*The Winter Factors*

Additionally, because Plaintiff is seeking injunctive relief, he must first meet the four *Winter* factors required for an injunction. *Winter*, 555 U.S. at 20.

Even assuming, *arguendo,* that Plaintiff's motions demonstrate Plaintiff is likely to suffer irreparable harm in the absence of the preliminary relief he seeks—the second *Winter* factor—Plaintiff cannot demonstrate he is likely to succeed on the merits of his claims, a requirement that must be met to obtain injunctive relief. *Winter*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Here, following screening, the Court found Plaintiff's first amended complaint did not state a cognizable claim against any named Defendant. Therefore, at this stage, Plaintiff cannot be deemed likely to succeed on the merits of his claims as he has failed to allege any cognizable claim. Further, at the pleading stage, the Court makes only a determination as to whether a claim has been plausibly stated—something Plaintiff has not yet successfully completed—rather than determining the claims' merit (even when plausibly alleged), which requires submission of evidence. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008). Without a finding that Plaintiff has stated cognizable claims, the likelihood of success on the merits—the first *Winter* factor, and the most important—cannot be determined.

To the extent Plaintiff believes the allegations in his first amended complaint have been proven, he is mistaken. A complaint states allegations which the Court accepts as true and only for purposes of screening. 28 U.S.C. § 1915. Proving the allegations of Plaintiff's first amended complaint occurs through the discovery process that commences only after cognizable claims have been found, defendants have been served with process and answered the operative complaint, and the Court issues a discovery and scheduling order.

Finally, regarding the requirement that Plaintiff make a showing that the balance of equities tips in his favor and that an injunction is in the public interest—the third and fourth *Winter* factors—Plaintiff makes no such showing.

In sum, Plaintiff is not entitled to the injunctive relief he seeks.

### I.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motions for injunctive relief (Docs. 15-18) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2023**                     /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE