UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. BATRA, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00929-ADA-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(Doc. 25)<br><br>**14-DAY DEADLINE** |

### I.　PROCEDURAL HISTORY

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his original complaint on June 14, 2021. (Doc. 1.)

On July 22, 2021, Plaintiff filed a document titled "Request for Court Order for the Production of Medical Records/Documents." (Doc. 9.)

On August 2, 2021, the Court issued its Order Denying Plaintiff's Motions to Compel Production of Documents. (Doc. 10.)

Plaintiff filed a first amended complaint on November 12, 2021. (Doc. 11.)

On November 22, 2022, the Court issued its First Screening Order. (Doc. 12.) It determined Plaintiff's first amended complaint asserted only state law claims. (*Id*. at 4-6.)

Plaintiff was afforded 21 days within which to file a second amended complaint[1] curing the deficiencies identified in the order, or, alternatively, to file a notice of voluntary dismissal. (*Id.* at 6-10.)

On January 11, 2023, Plaintiff filed four documents: (1) "Request for Full Disability;" (2) "Request for Outside Optomitrist [sic] Appointment;" (3) "Request for Outside Cardiovasclure [sic] Appointment;" and (4) "Request for Outside Dental Appointment." (*See* Docs. 15-18.)

On January 20, 2023, the Court issued Findings and Recommendations to deny Plaintiff's requests for preliminary injunctive relief. (Doc. 22.)

Following multiple extensions of time, Plaintiff filed a second amended complaint on March 21, 2023. (Doc. 25.)

On March 28, 2023, District Judge Ana de Alba issued an Order adopting the January 20, 2023, findings in full, denying Plaintiff's requests for injunctive relief. (Doc. 26.)

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   PLEADING REQUIREMENTS

### A.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

---

[1] Plaintiff filed a First Amended Complaint on November 12, 2021, prior to issuance of a screening order.

2

quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the

involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### IV. DISCUSSION

#### A. Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint titled "Supporting Brief to File Second Amended Complaint as Civil Lawsuit, Not as 42 U.S.C. §1983" is 982 pages long. (*See* Doc. 25 [491 pages], 25-1 [162 pages], 25-2 [164 pages], 25-3 [165 pages].) It appears to name nearly 200 defendants. (*Id*.) It is comprised of more than dozens of state court forms titled "Confidential Information Form Under Civil Code Section 1708.85 and 3427.3," identified as form "MC-125," and bearing a generic caption for an action to be maintained in the Fresno County Superior Court. (*Id* [*see, e.g*., Doc. 25 at 8-372].) Those portions of the main document not involving the state court forms appear at pages 373-390, 414-415, 419-426, 432-433, 445-455, and 481-491, and scattered among those pages are numerous exhibits. It appears the remainder of the filing—a total of 491 pages docketed as parts 25-1, 25-2 and 25-3—may be duplicative of the main filing. It also appears Plaintiff is once again raising only state law claims. (*See, e.g*., Doc. 25 at 375 [referencing Cal. Civ. Code §§ 1708.85(f)(1)] & 389-390 [referencing Cal. Civ. Code §§ 3427-3427.4, 3045.1-3045.6].)

For the reasons discussed below, this Court will recommend Plaintiff's second amended complaint be dismissed without leave to amend.

#### B. The Second Amended Complaint Does Not Comply With Rule 8

Plaintiff's second amended complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 states that a "pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's second amended complaint fails to include a short and plain statement indicating he is entitled to relief. The second amended complaint—whether 491 pages or 982 pages—is unnecessarily lengthy and employs state court forms unrelated to a federal civil rights action. By comparison, Plaintiff's original complaint was 7 pages (Doc. 1), and his first amended complaint

5

was a total of 31 pages, 25 of which were exhibits (Doc. 11). Plaintiff has been previously advised any amended complaint must comply with Rule 8. (*See* Docs. 12 at 2, 8-9.)

### C. The Second Amended Complaint Does Not Comply With The First Screening Order

Following screening of Plaintiff's first amended complaint, Plaintiff was granted leave to file a second amended complaint. (Doc. 12.) The Court found Plaintiff had "not asserted a violation of any federal right protected by the Constitution or a federal statute. Plaintiff's first amended complaint alleges only violations of state law." (*Id*. at 6.) Plaintiff was provided potential legal standards related to federal claims he may have intended to assert based upon his factual allegations. (*Id*. at 7-8.) Plaintiff was advised that if he chose to file a second amended complaint, "he should make clear the nature and grounds for each claim, and clearly and concisely explain the basis for each defendant's liability …." (*Id*.)  Plaintiff was also advised he "must allege specific facts from which the Court can reasonably infer that the defendant personally participated in the violation alleged. Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law. Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint." (*Id*.)

Plaintiff's second amended complaint does not appear to assert violations of any federal right, and he fails to make clear the nature and grounds for each claim. Plaintiff also fails to clearly and concisely explain the basis for each defendant's liability--especially where Plaintiff names nearly 200 defendants as compared to the single individual named in his original complaint, Dr. Sanjeev Batra, and the five individuals named in his first amended complaint, Dr. Sanjeev Batra, Stephanie Clendenin, Brandon Price, Dr. Robert Withrow and Dr. Jonathan Hamrick. Plaintiff has also failed to allege specific facts from which this Court can discern personal participation of the nearly 200 individuals named. Plaintiff also failed to use the standard civil rights complaint form provided by this Court, and instead used state court forms for confidential information under a California statute.

Plaintiff was also advised in the Court's First Screening Order that he could "not change the nature of this suit by adding new, unrelated claims in his second amended complaint." (Doc.

6

12 at 9.) That is precisely what Plaintiff has done. In his original and first amended complaints, Plaintiff asserted claims against a few defendants for allegedly inadequate or negligent medical care concerning a condition in his left foot and treatment for diabetes and/or a heart condition. (*See* Doc. 1 at 3-6 & Doc. 11 at 3-4.) In his second amended complaint, Plaintiff appears to assert claims related to COVID-19 protocols and procedures at Coalinga State Hospital. To the extent the second amended complaint asserts both Plaintiff's "original" claims regarding his left foot and related medical care, coupled with claims concerning COVID-19 procedures and protocols, the second amended complaint also appears to violate Rules 18 and 20 of the Federal Rules of Civil Procedure.[2]

### D. The Second Amended Complaint Should Not Be Converted To A Pro Se Civil Action

To the extent Plaintiff's second amended complaint can be construed as a request to convert this section 1983 action into a pro se civil action, the request should be denied. As currently pled, Plaintiff's second amended complaint asserts state law claims. This Court may hear "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and where there is diversity of citizenship. *See* 28 U.S.C. § 1332. Under the diversity of citizenship requirement, "no plaintiff can be a citizen of the same state as any defendant." *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F.Supp.1038, 1039 ((N.D. Cal. 1993) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Here, Plaintiff is a citizen of the same state as most, if not all, of the nearly 200 named defendants. Therefore, he cannot meet the diversity of citizenship requirement of 28 U.S.C. § 1332. As discussed above, Plaintiff also alleges only violations of state law. Therefore, this Court

---

[2] Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, numerous claims against an opposing party. However, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Only if the defendants are properly joined under Rule 20(a) will the Court review the additional claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

does not have jurisdiction to hear Plaintiff's suit because no claims arise under a federal question and there is no diversity jurisdiction. *See* 28 U.S.C. § 1331.

### E. Amendment Would Be Futile

For the reasons set forth above, the Court finds that the second amended complaint fails to state cognizable civil rights claims under section 1983. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); accord *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely"). Plaintiff has been afforded a prior opportunity to amend his complaint. Despite having been granted leave to amend and to cure the deficiencies identified by the Court in its First Screening Order, it appears Plaintiff is unable or unwilling to do so. Thus, the Court finds further amendment would be futile.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's second amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 14, 2023**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE