UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>S. BATRA, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00929-NODJ-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST CONCERNING LIEN**<br><br>(Doc. 32) |

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On December 6, 2023, this Court vacated its Findings and Recommendations To Dismiss For A Failure To State A Claim Upon Which Relief Could Be Granted and directed the Clerk of the Court to file the amended complaint. (Doc. 30.) Plaintiff's third amended complaint was filed that same day. (Doc. 31.)

On February 1, 2024, Plaintiff filed a document titled "Request For Approval To Notify Defendants Of A Lien Being Placed Against The Hospital's Bond." (Doc. 32.)

**II.    DISCUSSION**

Plaintiff seeks an order from the Court permitting Plaintiff to notify certain defendants of a $264,000,000 lien against them, arising from allegations of a lack of medical care and

treatment. (Doc. 32 at 2.) Plaintiff cites to various provisions of the California Civil Code in support of his request. (*Id.* at 2-3.)

Plaintiff's request will be denied. First, Plaintiff's third amended complaint is pending screening as he was advised in this Court's December 6, 2023, order. (*See* Doc. 30 at 2:11-12 ["The Court will screen Plaintiff's third amended complaint as required by 28 U.S.C. §1915A(a) in due course"].)[1] Screening determines whether a plaintiff has plausibly alleged cognizable federal constitutional claims against the named defendants.[2] Here, because Plaintiff's third amended complaint has not yet been screened, no such determination has been made and there is no operative complaint in this case. Second, no defendant has been served with process or appeared in this action. Plaintiff is advised that until this Court has screened his third amended complaint and found that cognizable federal constitutional claims have been asserted, any request by Plaintiff is premature. Moreover, the California statutory authority cited by Plaintiff involves California state law and is not applicable to this action. *See, e.g.,* Cal. Civ. Code § 3045.1 (authorizing liens *by hospitals* against recoveries from third party tortfeasors), § 3345 (applicable to actions seeking redress for unfair or deceptive acts or practices or unfair methods of compensation), § 3287 (permitting interest on damages following judgment).

In sum, this case is in the very preliminary stages. Even if the Court determines Plaintiff has stated cognizable claims in the third amended complaint, an order such as the one sought by Plaintiff would be inappropriate and premature. Plaintiff shall refrain from filing requests or motions in this action until the Court has issued a screening order on Plaintiff's third amended complaint.

//

//

---

[1] This Court is one of the busiest district courts in the nation. The undersigned and all the judges in this district carry heavy caseloads in all manner of cases. Delays are inevitable and unavoidable.

[2] Plaintiff's original complaint, first amended complaint, and second amended complaint asserted only state law causes of action. (*See* Docs. 1, 11, 25.) As Plaintiff has been previously advised, this Court does not have jurisdiction to hear a case involving only state law claims in a section 1983 action. (*See* Doc. 12 at 5-6 [First Screening Order issued 11/22/22] & Doc. 27 at 5-8 {Findings and Recommendations issued 11/14/23].) A plaintiff must assert cognizable federal claims to proceed. 42 U.S.C. § 1983.

### III. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's "Request For Approval To Notify Defendants Of A Lien Being Placed Against The Hospital's Bond" (Doc. 32) is **DENIED**. Plaintiff's third amended complaint will be screened in due course and no further filings will be entertained by the Court prior to screening.

IT IS SO ORDERED.

Dated:  **February 2, 2024**              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE