UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. BATRA, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00929-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS FOLLOWING SCREENING**<br><br>(Doc. 31)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

On November 14, 2023, after screening Plaintiff's second amended complaint, the Court issued "Findings and Recommendations to Dismiss this Action for Failure to State a Claim Upon Which Relief Can Be Granted." (Doc. 27.) Following objections by Plaintiff in which he apologized "for his errors in following" instructions, the Court issued its "Order Vacating Findings and Recommendations to Dismiss for a Failure to State a Claim Upon Which Relief Can Be Granted; Order Directing Clerk of the Court to File Third Amended Complaint." (Doc. 30.) The Court now screens Plaintiff's third amended complaint.

//

//

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Third Amended Complaint

Plaintiff names Sanjeev Batra, an osteopathic physician and surgeon at Coalinga State Hospital, as Defendant in this action. (Doc. 31 at 1-2.) Plaintiff includes 36 pages of correspondence, complaint forms, health care directives, and health care related documentation, as Exhibit A (*id*. at 9-45), and 3 pages of what appear to be notices directed to officials at Coalinga State Hospital advising them of the filing of this action as Exhibit B (*id*. at 52-54), in support of his complaint. Plaintiff seeks to have "Doctor Batra fired as a State of California doctor and his [licenses] to treat patients in the United States of America stripped for as he lives." (*Id*. at 46.) Plaintiff also seeks Medi-Cal and Medi-Care benefits "for life," his legal fees and costs, and compensatory damages of $8,500,000 and punitive damages totaling $204,000,000, plus any interest. (*Id*. at 47.) Finally, Plaintiff requests "permission to notify Doctor Batra, and the Department of State Hospitals Executive Director Stephanie Clendenin that plaintiff has this

3

courts permission to place a [lien] against the Department of State Hospital-Coalinga's bond." (*Id.*)

### B. Plaintiff's Factual Allegations[1]

Plaintiff contends that on August 28, 2020, Defendant Batra informed him that blood test results revealed Plaintiff had "thickening of the blood." (Doc. 31 at 6.) Plaintiff states he had complained of numbness and a tingling sensation in both feet that worsened later in the day. (*Id.*) Plaintiff contends the doctor "completely ignored" Plaintiff's inquiry about "why his left foot was discoloring." (*Id.*)  On November 14, 2020, Plaintiff began experiencing excruciating stabbing pain in his feet. (*Id.*) Despite being on the sick call list until November 20 or 21, 2020, Plaintiff was unable to see Batra. (*Id.*) On November 27, 2020, a licensed psychiatric technician "verified the worsening of [his] serious medical condition," noting Plaintiff's entire left foot "was turning purple and black and blue and the big and little toe had turned completely black." (*Id.*) Plaintiff was provided a wheelchair. (*Id.*) That same date, Batra was notified of Plaintiff's condition, but refused to see Plaintiff. (*Id.*) Plaintiff alleges he complained of excruciating pain and an inability to eat, sleep, or walk to psychiatric technicians, and was again ignored by Batra. (*Id.*) He states Batra refused to see him on December 5, 2020. (*Id.*) Plaintiff alleges that on December 8, 2020, another licensed psychiatric technician "became loudly verbally aggressive towards" Batra, demanding the doctor immediately examine Plaintiff's left foot. (*Id.*) Plaintiff states Batra "presumed [he] was malingering." (*Id.* at 7.) Plaintiff alleges Batra could have examined his left foot with a stethoscope to listen to the affected area, "easily [verifying] the lack of blood flow," or ordered an ultrasound, that would have saved Plaintiff from amputation. (*Id.*)

Plaintiff contends that on December 8, 2020, Batra "yielded to [] demands," looked at Plaintiff's left foot and "gasped and immediately said [Plaintiff needed to be transported to" Community Regional Medical Center (CRMC) in Fresno. (Doc. 31 at 4, 5.) Doctors examined Plaintiff's left foot, ran tests, and recommended amputation of his left leg at the knee. (*Id.* at 5.) Plaintiff states those doctors were in a race to save his left foot. (*Id.*) The treating physician at

---

[1] Although the facts were not asserted in chronological order, the Court has attempted to summarize the facts in date order to better assess Plaintiff's claims.

CRMC informed Plaintiff that to save his life, his left leg had to be amputated "from the shin down" due to the onset of "gangrene caused by the lack of blood flow" and clotting. (*Id.*)

Plaintiff states that Batra's actions amount to cruel and unusual punishment and intentional deliberate indifference to serious medical needs. (Doc. 31 at 5.) Plaintiff contends Batra refused to examine his left foot for days, "until it exacerbated to such a putrid state it had to be amputated" to save his life. (*Id.*) Plaintiff states the lingering pain was torture. (*Id.*)

Plaintiff identifies his injuries as "left leg amputated from left shin down, unnecessary extreme pain and suffering and lingering torture for over 180 days." (Doc. 31 at 48.)

### C. Plaintiff's Claims

The Court construes Plaintiff's third amended complaint to assert an Eighth Amendment deliberate indifference to serious medical needs claim.

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060,

1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

Liberally construing the third amended complaint, Plaintiff states a cognizable Eighth

6

Amendment claim against Defendant Batra. Plaintiff has identified "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment." *Colwell*, 763 F.3d at 1066. Plaintiff complained of numbness and tingling in his feet, and his feet became painful and "black and blue." Further, Plaintiff alleges Batra failed to respond to his pain or possible medical need on several occasions, and that as a result, Plaintiff suffered a partial amputation of his left leg because of Batra's indifference. *Wilhelm*, 680 F.3d at 1122.

To the extent Plaintiff seeks to assert state law claims, he fails to state any cognizable claim. Plaintiff simply lists a series of California Government Code provisions (*see* Doc. 31 at 49) with no explanation and directs the Court to the factual allegations asserted elsewhere in the third amended complaint. Plaintiff fails to readily identify his state law claims and makes no effort to connect those claims to Batra's conduct. *Iqbal*, 556 U.S. at 678 (the "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short).

Moreover, to the extent Plaintiff's third amended complaint can be construed to bring a state law claim for negligence and/or medical malpractice, he fails to state a claim. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). The Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in the complaint. *Shirk*, at 208-09. Here, Plaintiff fails to specifically allege that he complied with the Government Claims Act. *See also Figueras v. Gonzalez*, No. 1:22-cv-01328-SKO (PC), 2023 WL 11819205, at *3 (E.D. Cal. June 30, 2023) ("The Court's duty is not to wade through exhibits in an attempt to ascertain Plaintiff's claims); *Davis v. Carlton*, No. 2:11-cv-01100-TLN-KJN P, 2013 WL 6512903, *8 (E.D. Cal. Dec. 12, 2013) ("The Court will not

comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim").

### D. The Relief Requested

As noted above, Plaintiff seeks to have Defendant Batra's medical license permanently revoked. Plaintiff also seeks "Medi-Cal" and "Medi-Care" coverage for life, and asks for the Court's permission to place a lien on a bond maintained by the California State Hospital-Coalinga. These remedies are improper.

Regarding Plaintiff's request to have Batra's medical license revoked, this Court does not have the authority to grant such relief. *See, e.g.*, *Cranford v. Eyiuche*, No. 1:16-cv-00783-GSA-PC, 2018 WL 3348736, at *3 (E.D. Cal. July 9, 2018) ("The issue whether Defendant Eyiuche should be employed at Coalinga State Hospital is strictly a matter for her employer to determine, not this court"). Nor does this Court have the authority to award or order Medi-Care or Medi-Cal coverage to Plaintiff. *See generally*, *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (the pendency of an action does not give a court jurisdiction over prison officials in general or over individuals who are not parties to an action). As this Court previously stated in its "Order Denying Plaintiff's Request Concerning Lien" issued February 4, 2024, "an order such as the one sought by Plaintiff would be inappropriate …." (Doc. 33 at 2.)

### E. Granting Further Leave to Amend Would Be Futile

If a court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Here, the Court finds granting Plaintiff further leave to amend would be futile.

Plaintiff has had several opportunities to present his claims (*see* Docs. 1 [original complaint], 11 [first amended complaint], 25 [second amended complaint]) and has been given

leave to amend his earlier complaints to cure the deficiencies identified therein, including the failure to "clearly and concisely explain" the basis for liability and the insufficiency of conclusory allegations. (*See* Docs. 12 & 27.) It does not appear Plaintiff can cure the deficiencies regarding his state law claims and Plaintiff has had several opportunities to amend.

## V. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that:

1. This action **PROCEED** *only* on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra; and

2. Any remaining claims in Plaintiff's third amended complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 8, 2024**                       /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE