UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>S. BATRA,<br><br>        Defendant. | Case No. 1:21-cv-00929-KES-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS<br><br>Doc. 35 |

      Plaintiff Ronald William Ward is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Docs. 4, 31. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Plaintiff initiated this action on June 14, 2021, Doc. 1. On November 12, 2021, before the assigned magistrate judge screened his original complaint, plaintiff filed a first amended complaint. Doc. 11. On November 22, 2022, the assigned magistrate judge screened plaintiff's first amended complaint and found that it failed to state a claim. Doc. 12 at 6. On March 21, 2023, plaintiff filed a second amended complaint. Doc. 25.

      On November 14, 2023, the assigned magistrate judge issued findings and recommendations, finding that the second amended complaint also failed to allege any claims under federal law and recommending that the case be dismissed without further leave to amend. Doc. 27. at 6. On December 4, 2023, plaintiff filed objections to the findings and

recommendations, indicating that he believed he could cure the deficiencies identified by the magistrate judge and lodging a proposed third amended complaint. Doc. 29. In light of the objections and lodged proposed third amended complaint, on December 6, 2023, the assigned magistrate judge vacated the findings and recommendations, directed the Clerk of the Court to file plaintiff's third amended complaint on the docket, and indicated that the third amended complaint would be screened in due course. Docs. 30, 31.

On October 8, 2024, the assigned magistrate judge issued findings and recommendations recommending that this action proceed only on plaintiff's claim for deliberate indifference to serious medical needs against defendant Batra and that the remaining claims asserted in the third amended complaint be dismissed without further leave to amend. Doc. 35. Specifically, the findings and recommendations note that it is unclear whether plaintiff attempts to bring state law claims in his third amended complaint. *See* Doc. 35 at 7. Regardless, the findings and recommendations find that, to the extent plaintiff seeks to bring any state law claims in his third amended complaint, plaintiff has failed to do so because (1) he did not tie any of the listed state provisions to Batra's conduct and (2) he did not allege compliance with the California Government Claims Act. Doc. 35 at 7-8. Finally, the findings and recommendations find that several of plaintiff's requests for relief, including that Batra's medical license be revoked, that plaintiff receive "Medi-Cal" and "Medi-Care" coverage for life, and that a lien be placed on a bond maintained by the California State Hospital-Coalinga, are improper. *Id.* at 8.

The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service. *Id.* at 9. Plaintiff did not file any objections, and the deadline to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

This Court also finds the suit against defendant Batra in his official capacity cannot survive. "Section 1983 provides a cause of action against '[e]very person who acting under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"

*Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (citing 42 U.S.C. § 1983).  State officials sued in their official capacity for damages are not persons for purposes of Section 1983.  *See Arizonans for Official English*, 520 U.S. 45, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989).  There are "two situations in which a state official might be liable to suit under [Section 1983].  First, plaintiffs may seek damages against a state official in his personal capacity.  Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief." *Cornel*, 37 F.4th at 531 (internal citations omitted).  Because plaintiff states a § 1983 claim solely for damages, and not injunctive relief, plaintiff's suit against defendant Batra in his personal capacity stands, while any claim against Batra in his official capacity must be dismissed.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on October 8, 2024, Doc. 35, are ADOPTED in full;
2. This action PROCEEDS against defendant Batra in his personal capacity on plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment;
3. The remaining claims asserted in plaintiff's third amended complaint are DISMISSED for failure to state a claim upon which relief may be granted;
4. Plaintiff's requests for relief that Batra's medical license be revoked, that plaintiff receive "Medi-Cal" and "Medi-Care" coverage for life, and that a lien be placed on a bond maintained by the California State Hospital-Coalinga are stricken as improper; and

///
///
///
///
///
///

3

5. This action is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: December 29, 2024

UNITED STATES DISTRICT JUDGE