UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. BATRA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00929-SKO (PC)<br><br>**AMENDED ORDER VACATING DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 43)<br><br>**AMENDED ORDER ISSUING TEMPORARY STAY PENDING RESOLUTION OF PENDING MOTIONS** |

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra.[1]

**I.    RELEVANT BACKGROUND**

Plaintiff has filed seven motions in this matter since mid-July 2025. (*See* Docs. 50-52, 59-60, 64-65.) Defendant has opposed several motions, (*see* Docs. 55-57, 62-63), and any additional oppositions by Defendant are due on November 14, 2025, and November 17, 2025, respectively.

The undersigned carries a heavy caseload, as do all the judges in this district, and the

---

[1] On June 2, 2025, this action was reassigned to the undersigned "for all further proceedings, including trial and entry of judgment." (*See* Doc. 49.) This amended order corrects the case number only.

Court's limited resources are overburdened. Plaintiff's recent motions, while important to Plaintiff, will further delay these proceedings. To conserve its limited resources, the Court will vacate the scheduling order in this action and issue a *sua sponte* stay of these proceedings as discussed below.

## II.     DISCUSSION

### *Vacating the Discovery and Scheduling Order*

The Court issued a Discovery and Scheduling Order on May 23, 2025. (Doc. 43.) The discovery cut-off deadline was set for October 23, 2025. (*Id*. at 1, 3.) The scheduling order also set the deadline for filing pre-trial dispositive motions on December 22, 2025. (*Id*.) Given the significant number of motions pending decision in this matter, the Court will vacate the scheduling order to allow for resolution of those motions. The deadline for filing pre-trial dispositive motions will be reset thereafter.

### *Issuing a Temporary Stay of the Proceedings*

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). And courts have the power to consider stays *sua sponte*. *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc.*, 300 F.2d at 268.

### **The Risk of Possible Damage**

Here, there is no possible damage that may result from granting a stay of this action. Discovery has concluded[2] and the matter has not yet been set for trial. And the stay considered by the Court is not indefinite. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature"). It is a temporary stay that will not cause any unnecessary delay of the resolution of the case. And absent a stay, Plaintiff may continue to file motions or requests that may tax additional resources and add to the backlog of motions pending in this action. Therefore, this factor weighs in favor of a stay.

### **The Possibility Hardship or Inequity**

There is little possibility of hardship or inequity that may be suffered by any party by issuance of a stay. Plaintiff has seven motions pending resolution by the Court. This temporary stay will help ensure that all pending motions are resolved before any further action is taken by the parties, including filing additional pre-trial dispositive motions. The Court finds this factor weighs in favor of a stay.

### **The Orderly Course of Justice**

The Court finds this final factor also weighs in favor of a stay. The Court is currently dealing with a backlog of motions in this action. The Court finds a stay will promote judicial economy as it will temporarily limit the filing of additional motions or requests pending the Court's ruling on the existing motions. Finally, the Court finds a stay of these proceedings would not complicate the issues, proof, or any applicable questions of law.

In sum, the Court finds a temporary stay of these proceeding is warranted. *See also, e.g.*, *Hart v. Weyrich*, No. 2:23-cv-884, 2023 WL 5015616, at *1-2 (W.D. Wash. Aug. 7, 2023) (imposing *sua sponte* stay to allow court to address pending motions); *Hill v. Payne*, No. 6:21-cv-6029, 2022 WL 22017673, at *3 (W.D. Ark. Feb. 18, 2022) (finding temporary restriction of motion filing reasonable in light of court resources); *Liberi v. Taitz*, No. SACV 11-0485 AG (AJWx), 2011 WL 13143549, at *5 (C.D. Cal. June 14, 2011) (imposing motion filing restriction

---

[2] To the extent resolution of any motion filed by Plaintiff requires additional discovery, the Court will address that circumstance should it arise.

and noting the "flood of filings before the Court"); *Linear Technology Corp. v. Impala Linear Corp.*, No. C-98-1727 VRW, 2001 WL 36126932, at *4 (N.D. Cal. Sept. 21, 2001) (noting a "blizzard of motions," staying further proceedings, and directing that no further motions may be filed without leave of court); *see also Cole v. Xlibris Corp.*, No. 1:05 CV 303 M D, 2006 WL 980808, at *2 (N.D. Miss. Apr. 12, 2006) (noting pro se plaintiff "filed multiple motions and appeals" and stating "plaintiff shall file no further motions of any kind… Should the plaintiff attempt to file motions in violation of this order, the motions will not be filed, acknowledged or acted on at any time").

### *Limited Anticipated Briefing Will Be Permitted*

The Court recognizes that Defendant has not had an opportunity to file an opposition to Plaintiff's motions filed on October 24, 2025, and 27, 2025, and Plaintiff has not had an opportunity to file a reply. *See* Local Rule 230(*l*). Therefore, any opposition or reply *related only to those filings* will be exempt from this stay.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The Discovery and Scheduling Order issued May 23, 2025 (Doc. 43) is **VACATED**;
2. This action is **STAYED** pending the Court's issuance of rulings on the motions currently pending on its docket. The motions will be decided in due course;
3. Defendant may file any opposition to Plaintiff's motions filed October 24, 2025, (Doc. 64), and October 27, 2025, (Doc. 65), as set forth in Local Rule 230(*l*);
4. Plaintiff may file a reply to any opposition filed by Defendant as specifically referenced above pursuant to Local Rule 230(*1*);
5. The parties shall not file any additional motions or requests, or any additional briefing not expressly set forth in this Order, until the Court lifts the stay of these proceedings; and

//

//

//

6. The deadline for filing pre-trial dispositive motions will be reset following the resolution of the pending motions and lifting of the temporary stay.

IT IS SO ORDERED.

Dated:  **November 5, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE