UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD WILLIAM WARD,

Plaintiff,

v.

S. BATRA, et al.,

Defendants.

Case No. 1:21-cv-00929-EGC (PC)

**ORDER LIFTING TEMPORARY STAY**

(Doc. 66)

**ORDER RESOLVING PLAINTIFF'S PENDING MOTIONS**

(Docs. 50, 51, 52, 59, 60, 64, 65)

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra. [1]

## I. RELEVANT BACKGROUND

On May 22, 2025, Defendant Batra filed an answer to the operative complaint. (Doc. 42.)

On May 23, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 43.)

On July 14, 2025, Plaintiff filed three separate motions seeking sanctions or related relief. (Docs. 50-52.) Defendant opposed each. (Docs. 55-57.)

On September 18, 2025, Plaintiff filed a second motion seeking sanctions (Doc. 59), a

[1] On June 2, 2025, this action was reassigned to the undersigned "for all further proceedings, including trial and entry of judgment." (*See* Doc. 49.)

motion seeking "privacy protection" (Doc. 60), and a declaration (Doc. 61). Defendant opposed both motions. (Doc. 62-63.)

On October 24, 2025, Plaintiff filed a motion to compel (Doc. 64) and request for hearing (Doc. 65).

On November 5, 2025, the Court issued its Amended Order Vacating Discovery and Scheduling Order and Amended Order Issuing Temporary Stay Pending Resolution of Pending Motions. (Doc. 66.) The parties were directed not to file any additional motions or requests until the Court lifts the stay of these proceedings.[2] (*Id.* at 4.)

## II. DISCUSSION

### <u>Motion for Sanctions Against Cindy Scheffler and La Follette, Johnson, De Haas, Fesler & Ames (Doc. 50)</u>

Citing Rules 11, 55, and 60 of the Federal Rules of Civil Procedure, and despite the title of the motion, as best the Court can discern Plaintiff seeks unspecified sanctions against Defendant Batra for his late answer to the operative complaint and argues default "should not be discharged."

#### A. <u>Relevant Background</u>

On January 23, 2025, the Court issued its Order Directing Service by the United States Marshal (USM) Service Without Prepayment of Costs. (Doc. 39.) Specifically, the USM was directed to serve Sanjeeve Batra. (Id. at 2.)

On March 26, 2025, the USM filed a summons returned executed. (Doc. 40.) Service of process was effected on Officer Manager Sylvia Apente "who confirmed Dr. Batra worked at office." (*Id.*) An answer was due on or before April 16, 2025.

On April 23, 2025, the Court issued its Order Requiring Defendant to Show Cause (OSC) Within Thirty Days Why Default Should Not Be Entered. (Doc. 41.) A courtesy copy was served to Defendant Batra at his address listed on the USM form. (*Id.* at 2.)

On May 22, 2025, Defendant Batra filed an answer to Plaintiff's complaint. (Doc. 42.)

---

[2] Plaintiff's filings of May 18 and May 20, 2026 (Docs. 71, 73) were stricken as having violated the Court's temporary stay order (Docs. 72, 74).

On May 23, 2025, Defendant filed a declaration (Doc. 45) and a response to the OSC (Doc. 46).

On May 27, 2025, the Court issued its Order Discharging Order to Show Cause. (Doc. 47.)

On July 14, 2025, Plaintiff filed the instant motion (Doc. 50) and an "Objection Notice to the Order Discharging Order to Show Cause and Hold Dr. Batra in Default" (Doc. 53).

B. Analysis

In his motion and declaration, Plaintiff objects to the discharge of the OSC because "Dr. Batra gave no extraordinary circumstances as to why he was not served," he failed to file an affidavit explaining "why he did not show in his office," he failed to "give any extraordinary circumstances of the reason why default should not be entered" and "did not retain an attorney until May 21, 2025," and "does not give any clarity in his 6 answers as to why default should not be entered" nor offer any "affidavit as to why default should be granted."

Defendant opposes the motion. (Doc. 56.) Defendant maintains there are no grounds to sanction Cindy Scheffler because Plaintiff failed to demonstrate or even state the ground upon which his motion should be granted and that "Ms. Scheffler is not an attorney or an unrepresented party, and the statements referred to by Plaintiff … were not made by Ms. Scheffler." Defendant further contends there are no ground to sanction law firm La Follette Johnson DeHaas Fesler & Ames because the pleadings submitted by defense counsel Vanessa Cornejo were based on Batra's OSC testimony, the USM 285 form, and the law. Therefore, defense counsel's statements were "based upon reasonable inquiry and Plaintiff made no showing counsel or her law firm violated Rule 11(b)." Defendant argues the Court to should deny any request for default judgment because Batra file a response intending to defense the action and because even late filed responses prevent entry of a default.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well-grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting *Cooter & Gell v.*

*Hartmarx Corp*., 496 U.S. 384, 393 (1990)). A motion pursuant to Rule 11 has stringent notice and filing requirements. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). And Rule 11 includes a "safe harbor" provision that the court strictly enforces. *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served ... but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service....").

First, Plaintiff's motion will be denied because there is no indication he complied with the "safe harbor" provision of Rule 11. *See* Fed. R. Civ. P. 11(c)(2).

Second, and more significantly, Plaintiff's motion will be denied because he fails to demonstrate sanctions are warranted against Defendant Batra, defense counsel or the law firm. Plaintiff offers nothing more than vague and conclusory assertions of improper conduct, unsupported by any evidence. *See, e.g*., *Engel v. Paragon Systems, Inc*., No. 2:24-cv-02479-DJC-CKD PS, 2025 WL 1158517, at *14 (E.D. Cal. Apr. 21, 2025) ("Defendants are entitled to make arguments and litigate their case, and presenting arguments contrary to plaintiff's does not make them 'frivolous' or improper"); *Bennett v. Burton*, No. 2:21-cv-1340 WBS KJN P, 2023 WL 3024850, at *2 (E.D. Cal. Apr. 20, 2023) ("Plaintiff conclusory claim that defendants have acted in bad faith, filed frivolous filings and baseless motions is unsupported by specific facts, not supported by the record, and there is insufficient. … defendants availed themselves of procedures specifically provided for in the Federal Rules of Civil Procedure").

A review of the submissions from Defendant Batra concerning his failure to file a timely answer to Plaintiff's operative complaint (*see* Docs. 45 & 46) reveals no evidence of bad faith or improper purpose. Batra's declaration filed May 23, 2025, states Batra "was not personally served" with the summons and complaint, that "1307 North Commerce Street, Stockton, California" is not Batra's residential address, and that Batra "did not receive a mailed copy" of the summons and complaint following "the attempted service at 1307 North Commerce Street …." (Doc. 25 at 1-2.) Batra further declared counsel was retained on May 22, 2025, and that an answer was filed on Batra's behalf that same date. (*Id*. at 2.) In the response to the OSC, Batra contended he was not personally served with the summons and complaint and that the substitute

service by the USM on the office manager was defective, citing California Code of Civil Procedure section 415.20. (Doc. 46 at 1-2.) Nevertheless, Batra argued he intended to defend against Plaintiff's action, citing to the retention of counsel and the answer filed May 22, 2025 and this Court's April 23, 2025 order extending the deadline to respond to the complaint by 30 days. (*Id*. at 2.) The Court finds no sanctionable conduct by Defendant Batra.

To the extent Plaintiff's motion asserts that the Court's improperly discharged the OSC due to sanctionable conduct by defense counsel, the motion is denied. Courts have inherent power to sanction parties or their lawyers for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). However, courts only impose sanctions in rare and exceptional cases "where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Nan Hanks & Associates, Inc. v. Original Footwear Co., Inc.*, No. 2:17-CV-00027-TLN-KJN, 2018 WL 3155247, at *2 (E.D. Cal. June 26, 2018) (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)); *see also, e.g., Jaramillo v. Burnes*, No. 1:23-cv-00666-JLT-CDB, 2025 WL 1592991, at *1 (E.D. Cal. June 5, 2025) ("Although counsel offers no explanation for why he allowed the May 26 filing deadline to pass without making any filings (such as a request for additional time or a report about his inability to establish communication with Defendant Rodriguez), and, indeed, hardly acknowledges the missed deadline, the Court concludes that counsel's conduct cited in the show cause order is the result of excusable neglect, and, accordingly, will discharge the show cause order without imposition of sanctions," and providing "Defendant Rodriguez with one final opportunity to appear in this action and to avoid the potential of a default judgment"). Further, a review of the docket and the parties' filings in this action, does not support any assertion by Plaintiff pursuant to Rule 60(b) of the Federal Rules of Civil Procedure that Defendant or defense counsel committed fraud, misrepresentation or misconduct. Fed. R. Civ. P. 60(b)(3). Nor does the Court find "any other reason" that justifies such relief. Fed. R. Civ. P. 60(b)(6).

Lastly, default judgment is inappropriate here because default was not entered by the Clerk of the Court and Batra filed an answer to the operative complaint. *See* Fed. R. Civ. P. 55. In sum, Plaintiff's motion for sanctions against Defendant and defense counsel will be denied.

**Request for Motion Rule 11 Signing Pleadings, Motions, and Other Papers; Representations to the Court (C) Sanctions, and Request for Motion Rule 60 Relief from a Judgment or Order: Motion (Doc. 51)**

As best the Court can discern, Plaintiff takes exception to Defendant Batra's answer ("object to the Defendant's response to denying the same, denying liability, denying any recognition as a Federal Official, denying any Defendant's responses to denying" & "the responses of Defendant … are undisputable in the Disclosure and Discovery Phase") and specifically objects to the affirmative defenses asserted. Plaintiff seeks sanctions against defense counsel and counsel's firm, asking the Court to "dismiss Defendant's Defense with Prejudice," an order for "court costs and attorneys fees" to be paid by Defendant, and states: "Plaintiff objects to any relief from the court, but requests the court to grant Plaintiff such other and further relief as the court deems just and proper." He then states he would be amenable to an unspecified settlement from Defendant as well as the Coalinga State Hospital[3] "with a promise of no further retaliation or an agreement submitted in writing" that would include an "[o]utside dental appointment," annual "[o]utside optometry" appointments, the allowance of "alternative treatment for [Plaintiff's neurological complications …," that specialist recommendations "be followed with no further interference from a Primary Care Physician," that "all threats of moving the Plaintiff stop immediately" and that "Kenneth Underwood be transferred away," and that "Dr. Bradley Powers be removed …." Further, Plaintiff seeks a default judgment against Defendant Batra, to include "all court courts, attorney fees of at least 30%," $8,500,000 from Defendant "personally," $204,000,000 "for pain and suffering, including torture," "[f]ull disability including medical care with 100% medical coverage for any and all things to do with [Plaintiff's] prosthetic limb and equipment," and "100% reimbursement for any and all care established and documented from December 18, 2020 to date."

Defendant opposes the motion. (Doc. 55.) Defendant contends Plaintiff has failed to provide any evidence "aside from his conclusory arguments and unfounded and self-serving statements" that Defendant has violated Rule 11(b). Further, Defendant notes that even were the

[3] The hospital is not a party to this action.

Court to find Plaintiff met his burden, his claims occurred five years ago, Defendant is no longer employed by the Department of State Hospitals - Coalinga and has not yet received or reviewed Plaintiff's subpoenaed medical records. Therefore, Batra responded to Plaintiff's allegations and asserted affirmative defenses through counsel "not for an improper purpose, but rather, as warranted by existing law and/or evidentiary support that is expected after further investigation or discovery and/or reasonably based on belief or a lack of information." Defendant avers it is unclear what judgment or order Plaintiff seeks relief from pursuant to Rule 60(b)(3) and (4) and further that Plaintiff is not entitled to summary judgment: his motion does not provide admissible evidence, his arguments are conclusory, unfounded, and self-serving, and is premature because an opportunity for adequate discovery has not yet occurred. Finally, Defendant argues that although "it is not clear" Plaintiff is requesting default judgment, it should be denied because Plaintiff failed to "state the grounds on which he is seeking default judgment," thus failing to meet his burden.

## Analysis

To the extent Plaintiff seeks Rule 11 sanctions against Defendant Batra, his motion is denied for the same reasons discussed above.

To the extent Plaintiff seeks summary judgment on his Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra, the motion is premature. Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, at the time Plaintiff filed the instant motion on July 14, 2025, Defendant remained entitled to an opportunity to pursue discovery before responding to a summary judgment motion because the deadline for completing discovery — October 23, 2025 — had not yet passed. (*See* Doc. 43.) Further, the scheduling order was vacated on November 5, 2025, the Court indicated that it would reset the pretrial dispositive (summary judgment) motion filing deadline "following the resolution of the pending motions and lifting of the temporary stay." (Doc. 67 at 5.) Thus, all parties will have an opportunity to file a summary judgment motion addressing the merits of Plaintiff's claim as ordered below.

As concerns Plaintiff's request for default judgment, the motion will be denied. Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Obtaining a default judgment is a "two-step process," consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (holding that default cannot be entered if the defendant has filed a response indicating its intent to defend the action).

Here, the Clerk has not entered default against Defendant Batra, thus the first step of the required two-step process has not been met. Fed. R. Civ. P. 55(a); *Eitel*, 782 F.2d at 1471. Moreover, default judgements are generally disfavored, and cases should be decided on the merits whenever possible. *Id*. at 1472. As discussed herein, Defendant has answered the operative complaint; thus, this case will be decided on the merits.

**<u>Request for Motion of Sanctions Against Dr. Sanjeev Batra, and His Declaration in Support to Order to Show Cause Why Default Should Not Be Entered (Doc. 52)</u>**

The instant motion is largely duplicative of the previous motions. As best the Court can discern, although Plaintiff believes Defendant Batra's OSC response "Numbers 1 to 6 are misleading," Plaintiff wishes "to be given the opportunity to prove to the courts that Dr. Batra's response of care and his recognition that holds a doctor's responsibility, integrity, and honesty is questionable, to say the least." He seeks a court trial "but also to clarify why Dr. Batra should be found in default" and "why the court should give Dr. Batra directions that when trying to defend himself, he should do so realizing that dishonesty is always outweighed with honesty." Plaintiff requests permission "to bring in witnesses to review and verify documents, and to testify on the recognition of Dr. Batra's dishonesty in his failure to respond to misdirection, and the concern of

care for his Patients that led to the administrative medical director terminating his contact [sic].” Thereafter, Plaintiff lists a series of purported witnesses, and objects to Batra’s declaration.

For the same reasons previously discussed, Rule 11 sanctions will be denied. To the extent Plaintiff seeks a hearing or “trial by judge” regarding service of Batra by the USM or Batra’s response to the OSC, the motion is denied. Batra has answered Plaintiff’s operative complaint and this action will proceed accordingly.

**Second Request for Motion, Not Knowing if the Courts Would Like the Plaintiff to Respond to the Defendant’s ‘Order to Show Cause in Writing Why Sanctions Should Not Be Imposed’ With a Sterm Warning to the Defendant’s Counsel That Any Further Elementary Playground Verbal Abuse Will Not Be Tolerated (Doc. 59)**

Briefly stated, Plaintiff argues Defendant Batra and defense counsel “violated the proof of service with a playground response that Dr. Batra was not served personally, evading facts that he was served by law,” that their “other statements” “have not only been outrageous, unexplained and harmful, but were all done under penalty of perjury.” He states he “will not tolerate any more juvenile playground abuse from this Defendant or his Defendant’s Counsel” and asserts that any further defamation of his character “will be met … as a violation of [his] Fourteenth Amendment Constitutional Right.” Seeking “Default Settlement,” Plaintiff requests courts costs and fees, “30% of the agreed settled amount so [he] can divide this with his legal team,” “that all disability be paid in full …,” and that he “is willing to accept 40% of the $212,500,000 million dollars,” noting he hopes the Court agrees it “is more than reasonable in recognition of a default settlement especially considering the circumstances.”

First, Defendant contends Plaintiff’s motion does not contain adequate notice and is not supported by points and authorities demonstrating how the law authorizes the relief Plaintiff seeks. Defendant objects to “any requests that Defendant be ordered o pay Plaintiff’s court costs and fees; sanctions and penalties; any ‘settlement amount,’ including the amount of $212,500,000 or any other amount or percentage thereof; any disability benefits; or Plaintiff’s past and future medical care.”

Analysis

As explained above, there is no basis to impose Rule 11 sanctions on Defendant or defense counsel. Nor has Plaintiff provided any authority for his suggested "Default Settlement." As the Court has explained, default judgment is not appropriate in this case because the Clerk did not enter default and Defendant Batra has filed an answer to Plaintiff's operative complaint. This action will be decided on the merits and Plaintiff's motion will be denied.

**First Request for Motion "Rule 5.2 Privacy Protection for Filings Made with the Court (d) Filing Made Under Seal (Doc. 60)**

As best the Court can discern, Plaintiff seeks to have certain "records sealed until the finalization" of his action, citing "Federal Rules 'HIPAA'" and his children and grandchildren's agitation over "aggressive remarks from the Defense Counsel."

Defendant opposes, contending Plaintiff has not and cannot meet the high burden required to overcome the presumption of public access to judicial records. Defendant construes Plaintiff's motion to seek "HIPAA-protected records from Coalinga State Hospital be sealed until the finalization of the case," but argues Plaintiff's medical records are material to his Eighth Amendment deliberate indifference to serious medical needs claim. Defendant maintain Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Local Rule 140 "already protect sensitive personal identifiers …" and that Plaintiff has failed to show why the existing safeguards are inadequate.

Rule 5.2(d) provides that the "Court may order that a filing be made under seal without redaction. The court may later unseal any filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 52(d). This Court's Local Rule 140 requires counsel to "omit or, where reference is necessary, partial redact" certain "personal data identifiers from all pleadings, documents, and exhibits," including minors' names, financial account numbers, Social Security numbers, date of birth, home addresses in criminal actions, and "when federal law requires redaction." Local Rule 140(a). Further, Local Rule 141 addresses the requirements for a request to seal documents; in addition to particular service of such a request, the notice is to "describe generally the documents sought to be sealed, the basis for sealing, the

manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties." Local Rule 141(b).

Here, Plaintiff does not identify what precisely he seeks to have sealed. However, the Court infers he seeks to have all pleadings or documents filed in this action sealed moving forward. Plaintiff's motion will be denied.

First, as noted above, personal identifying information is protected by Rule 5.2 of the Federal Rules of Civil Procedure. Plaintiff has failed to explain why those protections are insufficient. Further, Plaintiff has failed to comply with the requirements of Local Rule 141.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. However, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. And a party seeking to seal a judicial record then bears the burden of overcoming the strong presumption by meeting the "compelling reasons" standard. *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir. 2003). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

The Court finds that the fact Plaintiff's children and grandchildren "are becoming quite agitated, following the public records of this case, especially when considering the aggressive remarks" from defense counsel is not a compelling reason to seal all filings in this action. Nor

does a review of the pleadings submitted by Defendant provide a compelling reason for doing so. *Kamakana*, 447 F.3d at 1178; *Foltz*, 311 F.3d at 1135; *see also*, *e.g., Coppel v. SeaWorld Parks & Entertainment, Inc*., No. 21-cv-1430-RSH-DDL, 2024 WL 3455251, at *2 (S.D. Cal. Feb. 20, 2024) ("Other than generalized and conclusory statements made across multiple records, no party articulates how any of the information in these records could be used to cause harm"); *Haworth v. Astrue*, No. EDCV 08-1192-SJO(RC), 2009 WL 1393678, at 1, n.2 (C.D. Cal. May 14, 2009) ("since plaintiff's conclusory request neither meets the 'compelling reasons' standard for documents attached to dispositive motions nor the 'good cause' standard for documents attached to the non-dispositive motions … the Court denies plaintiff's request to seal the entire court record"). In sum, Plaintiff's motion will be denied.

**Motion to Compel Defendant to Answer Why Scheduling Order for Discovery Has Not Been Followed and Requesting the Courts to Impose Sanctions According to F.R.C.P. rule 16(f) Sanctions (c) (Doc. 64)**

Plaintiff contends Defendant "has refused to follow any and all of the scheduling order even though the defendant has received 14 files of plaintiff's files of discovery" and Plaintiff has "still not received any reply to his discovery request or received any discovery from defendant." Plaintiff states he "is requesting and compelling defendant why discovery scheduling has not been followed with a request to the courts … to hold sanctions and any other penilities [sic] the court deems necessary against defendant." Plaintiff asserts Defendant has attempted to impermissibly supplement discovery," states he "filed an 'emergency motion' for permission to file a motion to compell [sic] discovery," cites to Rule 37 of the Federal Rules of Civil Procedure as support for his request, states he "sent two letters to defense counsel asking about defendants delinquent discovery responses" but "counsel refused to provide any commitment regarding compliance." Next, Plaintiff states that any hearing he "can provide supporting evidence and witnesses." He asks the Court to "impose sanctions on defendant for failing to follow the scheduling order, but the plaintiff also requests that the courts grant his last reasonable offer in the recognition of defendants defualt [sic] which is 40% of the total value of this case."

Defendant opposes the motion as untimely and contends Plaintiff's assertion that he has not received any reply to his discovery request or received any discovery from Defendant is false.

Specifically, Defendant argues Plaintiff's motion is untimely because it was filed after the applicable October 23, 2025, deadline. Moreover, Defendant served responses to Plaintiff's interrogatories and requests for production of documents on September 16, 22025. Defendant states he received "nearly 1,000 pages of documents" from Plaintiff on October 6, 2025, "which included two documents titled, 'Plaintiff's Second Response to Defendant Sanjeev Batra, D.O.'s Responses to Interrogatories, Set One' and 'Plainti8ff's Second Response to Defendant Sanjeev Batra, D.O.'s Responses to Request for Production, Set One.'" Defendant maintains that in addition to be untimely, Plaintiff's motion fails to allege any grounds for finding Defendant in violation of the scheduling order, in default, "or any authority allowing the Court to 'grant [Plaintiff's] last reasonable offer …." Defendant's opposition is supported by the Declaration of Vanessa Cornejo, counsel for Defendant, and includes numerous relevant exhibits.

<u>Analysis</u>

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff's instant motion to compel, filed October 24, 2025, is not untimely. The Discovery and Scheduling Order issued May 23, 2025, set "deadline for the completion of all discovery, including filing motions to compel" for October 23, 2025. (*See* Doc. 43 at 3.) Plaintiff served his motion on October 21, 2025 (*see* Doc. 64 at 5 [although not a proof of service, liberally construed given Plaintiff's request to the Clerk to return in the enclosed self-addressed, stamped envelope]), four days prior to the deadline. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a pro se prisoner pleading is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).

Nevertheless, Plaintiff's motion will be denied. Significantly, the instant motion alleges Plaintiff has "not received any reply to his discovery request or received any discovery from defendant." That assertion is belied by the record. Defendant's opposition includes exhibits of

Defendant's responses to Plaintiff's request for interrogatories and request for production of documents and reveals the responses were served on September 16, 2025. (*See* Doc. 68-1 at 9-24.) Additionally, as Defendant correctly points out, Plaintiff sent[4] Defendant two documents that plainly indicate he received Defendant's responses because Plaintiff challenges the objections asserted by Defendant. (*See id*. at 28-40.)

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g*., *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3. Thus, even assuming Plaintiff intended for the two documents he sent to Defendant to be a motion to compel — neither document is accompanied by a proof of service — he failed to file those documents with the Court as a part of his motion to compel. In the absence of Defendant's exhibits, the Court would have no information concerning which requests were the subject of Plaintiff's motion or why the information sought was relevant and why the objections lacked merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3.[5]

Nevertheless, following a review of Plaintiff's documents sent only to Defendant, the Court denies Plaintiff's motion to compel. As concerns Requests for Productions numbers 1, 2, and 4, Defendant's objections that the request is not reasonably particularized and beyond the

---

[4] Plaintiff signed the documents on October 3, 2025.

[5] Plaintiff is advised that "discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force an opposing party to change a response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness or to contradict testimony thereon at trial and/or dispositive motion." *Jacobs v. Quinones*, No. 1:10-cv-02349-AWI-JLT (PC), WL 3717542, at *7 (E.D. Cal. June 12, 2015); *see also Lugo v. Fisher*, No. 1:19-cv-00039-NONE-SAB (PC), 2020 WL 2770074, at *2 (E.D. Cal. May 28, 2020) ("While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request").

scope of permissible discovery are sustained. Plaintiff's objections do not address each of Defendant's objections as concerns request numbers 1 and 2; rather, Plaintiff merely asserts as follows: "Under the recognition of public records, you are not protected under the rights of privacy." (Doc. 68-1 at 39.) In objecting to request number 4, Plaintiff objected as follows: "Objection, requesting court orders to verify documented information." (*Id*. at 40.) Simply put, Plaintiff did not overcome Defendant's objections. Further, as concerns Request for Production number 3, Defendant produced a copy of a California Department of Consumer Affairs printout indicating Defendant is licensed to practice medicine in the State of California and no disciplinary or other administrative actions have been taken, nor has Defendant been convicted of a misdemeanor or felony; nor is there any public record of a relevant court order, arbitration award, or malpractice settlement. (*See* Doc. 68-1 at 26-27.) Plaintiff's objection states: "Objection, in response, Plaintiff is requesting court orders to provide further information on Osteopathic Medical Board 1307 N. Commerce St., Stockton, CA 95202-1012." (*Id*. at 40.) In any event, Defendant accurately produced "verification of [Defendant's] license in California: 20A101213" pursuant to Plaintiff's request.

As noted above, this Court has "'broad discretion to *manage discovery* and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt*, 672 F.3d at 616, italics added. Additionally, this Court is experiencing a continuing judicial emergency that has overwhelmed its already overburdened resources.[6] Therefore, the undersigned will review Plaintiff's objections to Defendant's interrogatory responses — submitted by Defendant in his opposition (*see* Doc. 68-1 at 28-36) — and rule on all objections in summary fashion due to the number of requests. Although the summary ruling will not specifically address the parties' arguments, the Court has considered them and finds this course of action to be the most efficient use of its resources. Defendant's objections to interrogatory number 4 are sustained. Defendant's answers to interrogatory numbers 1 and 6 are sufficient as supplemented on October 23, 2025. As concerns interrogatory numbers 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Defendant's

[6] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/, as of 7/15/2026.

responses indicate he had no recollection at that time of a particular belief, or statement, or action. But if Defendant is unable to respond to an interrogatory based solely on his recollection, he has a responsibility to make a reasonable inquiry into the matter. *See Stolz v. Travelers Com. Ins. Co.*, No. 2:18-cv-1923 KJM KJN, 2019 WL 4392446, at *6, 2019 U.S. Dist. LEXIS 157096 (E.D. Cal. Sept. 13, 2019) (collecting cases). Defendant will therefore be required to provide supplemental responses to these interrogatories and any remaining objections by Defendant are overruled.

In sum, Plaintiff's motion to compel will be denied in part and granted in part. Defendant will be directed to supplement his responses to interrogatory numbers 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16. The Court finds there is no basis to award sanctions given the aforementioned ruling. Fed. R. Civ. P. 37(a)(5)(c).

**Plaintiff's Request The Court Schedule a Hearing to "Compel the Defendant to Respond Why He Has Not Responded to the Final Order Compelling the Defendant to Answers Its Sanction (Doc. 654)**

Briefly stated, Plaintiff seeks a hearing concerning the various motions addressed above and seeks sanctions of "$1,056,000.00" in attorney fees ("320 hours at $1,500.00 per hour).

Defendant opposes the motion. Defendant asserts that in lieu of filing a written response to the OSC issued August 5, 2025, for Defendant's failure to comply with the Local Rules by filing an opposition or statement of non-opposition to Plaintiff's motion, Defendant thereafter complied as permitted by the OSC. Defendant opposes Plaintiff's motion to the extent it seeks default judgment and sanctions for purportedly "'misleading statements.'"

The undersigned has now resolved Plaintiff's pending motions. Thus, there is no reason to schedule a hearing in this matter. Moreover, as the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued June 15, 2021, states: "All pre-trial motions will be submitted for decision solely upon the written papers and without a hearing. Local Rule 230(*l*)." (Doc. 2 at 5.) Significantly too, Plaintiff is a pro se litigant. Therefore, he is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

//

//

## III. CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS** that:

1. The temporary stay of these proceedings is **LIFTED**;
2. Plaintiff's motions filed July 14, 2025 (Docs. 50, 51 & 52) are **DENIED**;
3. Plaintiff's motions filed September 18, 2025 (Docs. 59 & 60) are **DENIED**;
4. Plaintiff's motion to compel filed October 24, 2025 (Doc. 64) is **GRANTED IN PART** and **DENIED IN PART**:
   a. Plaintiff's motion to compel further responses to his Requests for Production from Defendant is **DENIED**;
   b. Plaintiff's motion to compel further responses to his Interrogatories from Defendant is **GRANTED** as to numbers 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and **DENIED** as to numbers 1 and 4; and
   c. Defendant **SHALL** supplement his responses to interrogatory numbers 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, within **14 days of the date of this order**;
5. Plaintiff's request or motion for a hearing filed October 27, 2025 (Doc. 65) is **DENIED**; and
6. The Court **RESETS** the deadline for the filing of pre-trial dispositive motions to Friday, **November 20, 2026**.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE