UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD WILLIAM WARD,

Plaintiff,

v.

S. BATRA, et al.,

Defendants.

Case No. 1:21-cv-00929-EGC (PC)

**ORDER REGARDING PLAINTIFF'S MOTION FILED SEPTEMBER 28, 2026**

(Doc. 76)

Plaintiff Ronald William Ward is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra.

## I. INTRODUCTION

On September 28, 2026, Plaintiff filed a document titled "Notice and Motion 1. Failure to Following Discovery and Scheduling Order. 2. Rule 37(b) Failure to Comply with a Court Order. 3. Title VII, Judgment Rule 54(c) Demand for Judgment; Relief to be Granted." (Doc. 76.) Defendant did not file a response and the Court deems one unnecessary.

## II. DISCUSSION

The Alleged Failure to Follow the Discovery and Scheduling Order

First, Plaintiff asks the undersigned to review the Discovery and Scheduling Order issued by the previously assigned magistrate judge on May 23, 2025, and to strike "the 17 filed

responses in the Defendant's court records" because "they have no evidentiary value." (Doc. 76 at 2.) Plaintiff contends "these documents that are unsigned under the penalty of perjury" should be stricken. (*Id.*) Appearing at pages 4 through 7 of the motion, is a list of 19, not 17, documents prepared by Defendant or defense counsel; several of the numbered documents identified by Plaintiff include the following notation alongside the right margin: "Plaintiff is Requesting That these Records to Be Stricken with No Evidentiary Value, Per Discovery and Scheduling Order." (*See* Doc. 76 at 4-7.) Other notations in that section indicate Plaintiff wishes the declarant "to Testify to Said Unsigned Documents Under the Penalty of Perjury." (*Id.*)

*Relevant Background*

The previously assigned magistrate judge issued a Discovery and Scheduling Order in this action on May 23, 2025. (Doc. 43.) The discovery cut-off deadline was set for October 23, 2025, including the filing of any motions to compel. (*Id.* at 1, 3.)

After the discovery cut-off deadline passed, on November 5, 2025, the previously assigned magistrate judge issued an Amended Order Vacating Discovery and Scheduling Order and Amended Order Issuing Temporary Stay Pending Resolution of Pending Motions.[1] (Doc. 67.) Notably, the order stated that "[t]he deadline for filing pre-trial dispositive motions will be reset following resolution of the pending motions and lifting of the temporary stay." (*Id.* at 5.)

On August 18, 2026, the temporary stay was lifted and the pre-trial dispositive motion deadline was reset for November 20, 2026. (Doc. 75.)

On September 28, 2026, Plaintiff filed the instant motion, presumably intending it to be a pre-trial dispositive motion given its content.[2] (Doc. 76.)

*Analysis*

Relying on language taken from the scheduling order, as best the Court can discern, Plaintiff contends 19 documents prepared by Defendant and/or defense counsel should be "stricken" because "they have no evidentiary value." Those 19 documents include discovery

---

[1] Noting the "amended order corrects the case number only." (*See* Doc. 67 at 1, n.1.)

[2] The Court declines to construe Plaintiff's motion to be a motion to compel further discovery as the deadline for filing such a motion expired nearly one year ago.

responses, declarations in support of oppositions to Plaintiff's motions, the oppositions to Plaintiff's motions, and an otherwise unidentified declaration by defense counsel "Mailed by Susan Estevez 8/19/2025." (Doc. 67 at 4-7.)

The scheduling order does indeed state that "[u]nsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value." (*See* Doc. 43 at 3.) Nevertheless, Plaintiff's motion will be denied because he has failed to demonstrate that any of the 19 documents listed are improperly signed or were not properly executed under penalty of perjury. Plaintiff provides but one example of the alleged deficiency, without even clearly identifying which document the alleged deficiency appeared in, wherein counsel for Defendant Batra signed the unidentified document electronically. (*See* Doc. 67 at 8.) Plaintiff also argues that Defendant's supplemental responses "are not the Interrogatories that the Defendant was supposed to respond to."[3] (*Id.*)

First, to the extent Plaintiff believes the Court has separately received and/or filed any discovery responses prepared by the parties, Plaintiff is mistaken.[4] Referring to the documents numbered in Plaintiff's list at pages 4 through 7 of his motion, Plaintiff is advised the Court was not served with numbers 1, 2, 3, 8, 9, 10, 11, 12, 13, or 14. Further, number 15 has not been sufficiently identified to indicate whether the document was filed with the Court. And numbers 4, 5, 6, 7, 16, 17, 18 and 19 all relate to oppositions filed by Defendant to motions this Court has already adjudicated. (*See* Doc. 75.) Second, the oppositions filed in response to Plaintiff's numerous motions are not deficient in any way; several of the oppositions are electronically signed (*see* Doc. 55 at 6; Doc. 56 at 5; Doc. 57 at 5; Doc. 62 at 2; Doc. 63 at 3) and do not include any affidavits or declarations in support thereof that would require a declaration under penalty of perjury. And those oppositions that include a supporting declaration were executed electronically under penalty of perjury (*see* Doc. 68-1 at 2; Doc. 69-1 at 2). Significantly too, an opposition need not include an affidavit or declaration in support thereof.

---

[3] See n.2, *ante*.

[4] *See* Doc. 3 at 4: "Discovery requests must be served directly on the attorney for the party from whom the discovery is sought" and "parties are not to file copies of their discovery requests with the Court," excepting those that are the subject of a motion to compel.

Moreover, to the extent Plaintiff alleges misuse of defense counsel's electronic signature, his challenge is untimely. *See* Local Rule 131(d) ("Any person challenging the authenticity of an electronically-filed document or placement of the attorney's signature on that document must file any objections and request that the document be stricken within twenty-one (21) days of receiving the Notice of Electronic Filing, or at a latter time for good cause shown by an attorney exercising due diligence"). More than 30 days have elapsed between the date the Court issued its order resolving Plaintiff's pending motions and the instant motion,[5] and all oppositions to the previously filed motions were filed well before the Court's order addressing those motions.

Simply put, there is no legitimate reason to strike the 19 documents identified by Plaintiff, to find them lacking "evidentiary value," or to order any individual to testify about the affixed signature. Plaintiff has simply repackaged his earlier disagreements into a single motion by another name. The Court will entertain it no further on this basis.

<u>Rule 37 of the Federal Rules of Civil Procedure</u>

Plaintiff asks that the Court sanction "Defendant's disobedience" by entering default judgment against Defendant Batra pursuant to Rule 37(b)(2)(vi). (Doc. 67 at 8-9.)

Rule 37 provides as follows:

> For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

Fed. R. Civ. P. 37(b)(2)(A). Those orders may include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(vi).

The Ninth Circuit has created a five part test for a court to apply in considering whether a dismissal or default is justified as a Rule 37 sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782

[5] Thirty-eight (38) days elapsed between the date the Court issued its order on 8/18/2026 and 9/25/2026, the date Plaintiff signed the instant motion.

F.2d 829, 831 (9th Cir. 1986). These factors are not a series of conditions precedent before the judge can act, but a way for the court "to think about what to do." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, discovery has concluded and all that remains is pretrial dispositive motion practice. In the event this action proceeds beyond a summary judgment challenge, the matter will be set for trial. Therefore, the first and second factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh against entering default for Plaintiff and against Defendant Batra. As concerns the third factor — the risk of prejudice to Defendant Batra — this factor plainly weighs against default. The record demonstrates Defendant has engaged in the discovery process and Plaintiff has failed to demonstrate that Defendant has ignored discovery obligations or discovery related Court orders. Thus, Defendant would suffer great prejudice were default to be entered against him. Next, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs against default. Discovery has closed and pretrial dispositive motions are due no later than November 20, 2026. This case is thus primed for a disposition on the merits. Lastly, the fifth factor — the availability of less drastic sanctions — also weighs against default where Plaintiff has failed to demonstrate the extreme sanction of default pursuant to Rule 37 is justified. *Thompson*, 782 F.2d at 831. *See also Schmidt v. City of Pasadena*, No. 2:21-cv-08769-JAK-JC, 2024 WL 650424, at *8-10 (C.D. Cal. Jan. 22, 2024) (denying plaintiff's motion for default and discussing Rule 37 and its applicability to plaintiff's claims that defendant's actions during discovery proceedings warrant default judgment and an evidentiary hearing); *Fox Hollow of Turlock Owner's Ass'n v. Mauctrst, LLC*, No. 1:03-CV-5439 AWI SAB, 2014 WL 1285825, at *15-16 (E.D. Cal. Mar. 31, 2014) (discussing plaintiffs' request for sanctions against defendants for failing to follow court orders re discovery, the court's orders, defendants' history of non-compliance, and its warning to defendants "that further refusal to follow Judge's Beck's ruling will likely result in severe litigation sanctions, namely the entry of default judgment in favor of Plaintiffs in the Consolidated Federal Action. See Fed. Rule Civ. Proc. 37(b)(2)(vi)").

The Court declines to render a default judgment against Defendant Batra as it finds no sanctionable or disobedient conduct.

Demand for Judgment

Plaintiff seeks an entry of judgment for "court costs and fees, all medical costs to be reimbursed, the full value of disability including medical coverage, the $212,000,000.00 which would include pain and suffering and a reasonable amount decided by the 'court' for legal fees and attorney's costs." (Doc. 67 at 9.)

Rule 54 of the Federal Rules of Civil Procedure concerns Judgment and Costs. Fed. R. Civ. P. 54. It appears Plaintiff relies on Rule 54(c) in support of his contention that the Court should enter judgment in his favor. That rule provides as follows:

> **Demand for Judgment; Relief to Be Granted**. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

Fed. R. Civ. P. 54(c).

There is no basis to enter judgment in favor of Plaintiff and against Defendant at this stage of the proceedings. The parties engaged in discovery, the Court has adjudicated Plaintiff's pre-trial motions, including this untimely and repackaged motion, and all that remains is dispositive motion practice and/or a trial. The deadline for filing dispositive motions, as noted above, is November 20, 2026. Should any party file a motion for summary judgment addressing the merits of Plaintiff's claims, the undersigned will issue an order[6] after briefing is complete and in due course.[7] At bottom, Plaintiff has not been determined to be the prevailing party, in fact, no party has been so determined. Therefore, a determination that any party is entitled to relief has not been made. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) ("So long as a party is entitled to relief, a trial court must grant such relief despite the absence of a formal demand in the party's pleadings").

---

[6] The parties have consented to magistrate judge jurisdiction. (*See* Docs. 49 & 70.)

[7] The Court is experiencing a continuing judicial emergency. Delays, while unfortunate, are inevitable. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

Request for Appointment of Counsel

Plaintiff seeks the appointment of counsel should the Court deny his foregoing requests. That request too will be denied as explained below.

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, while Plaintiff's operative complaints were screened as required by 28 U.S.C. section 1983 (*see* Docs. 12 & 35) and Defendant Batra has filed an answer to the complaint (*see* Doc. 42), it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening"). The merits of Plaintiff's claims will be tested if any party files a summary judgment motion in November 2026 and thus a merits determination is premature.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light

of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of the docket for this action reveals Plaintiff has filed numerous documents (*see* Docs. 9, 15-18, 32, 50-53, 59-61, 64-65) over the past five years demonstrating his ability to articulate his claims or grievances. *See, e.g.*, *Parker v. Lynch*, No. 2:22-cv-2015 KJN P, 2023 WL 3077102, at *1 (E.D. Cal. Apr. 25, 2023) ("the records of this case demonstrate that plaintiff is able to articulate his claims. Indeed, plaintiff has filed multiple motions, including some that cite various legal authorities, which belies his claim that his court access is unduly limited"). Moreover, Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Batra is not complex. *See, e.g.*, *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same); *see also Ervin v. Corizon Health*, No. ELH-19-1666, 2019 WL 5555678, at *2 (D. Maryland Oct. 25, 2019) ("Review of the record in this case reveals that Mr. Ervin clearly possesses the ability either to draft his own legal pleadings or secure assistance in doing so").

Although Plaintiff states he "is requesting the court to appoint Plaintiff counseling [sic] to resolve any further delays in the about [sic] matters," the request does not amount to an exceptional circumstance warranting the appointment of counsel. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration or civil detention, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners or civil detainees, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal. May 20, 2020)

(stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Lipsey v. Kalil*, No. 2:17-cv-1429 TLN AC P, 2021 WL 5087170, at *1 (E.D. Cal. Nov. 2, 2021) (denying the appointment of counsel despite plaintiff's concerns regarding a potential dismissal and ability to obtain discovery and noting plaintiff "failed to demonstrate that extraordinary circumstances exist that warrant the appointment of counsel"); *Dennis v. Kernan*, No. 2:16-cv-0542 JAM AC P, 2020 WL 3442330, at *14 (E.D. Cal. Apr. 9, 2020) (denying the appointment of counsel and noting "plaintiff has been a prolific writer before this court, demonstrating a strong ability to continue to pursue this case pro se").

And the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, Plaintiff's request for the appointment of counsel is denied.

//

//

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion filed September 28, 2026 (Doc. 76) is **DENIED**.

IT IS SO ORDERED.

Dated: **October 15, 2026**

UNITED STATES MAGISTRATE JUDGE